FAIN & McGAHA, Appellants,

v.

H. R. BIESEL et al., Appellees.

No. 16062.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 15, 1960.

Rehearing Denied Feb. 12, 1960.

W. M. Thacker, Jr., Bullington, Humphrey, Humphrey & Fillmore, and Roy Schaeffer, Wichita Falls, for appellants.

Nelson, Montgomery, Robertson & Sellers, and Robert K. Pace, Wichita Falls, for appellees.

MASSEY, Chief Justice.

Appeal in the instant case is predicated upon the contention that where there is an outstanding overriding royalty interest in an oil and gas lease, held in effect by production in one portion thereof, the voluntary, good faith surrender and release of the working interest in and to a nonproducing portion of such lease to the owner/lessor of the minerals would leave the overriding royalty interest in force and effect to the surrendered portion so that any subsequent lease granted to others would be subject to the overriding royalty interest.

The trial court held to the contrary of such contention, and there has been an authoritative contrary holding as to a similar situation which arose in Texas. The case was Keese v. Continental Pipe Line Company, 5 Cir., 1956, 235 F.2d 386. Appellants argue that there is no indication in the opinion that the leasehold estate in said case was held in effect by production. Appellees counter with assertion that investigation of the record in the Circuit Court of Appeals reveals that there was production of oil and/or gas in paying quantities on the part of the estate which was not surrendered. We do not believe this would be material or operate as a distinction in any event.

We concur with the holding made in the case of Keese v. Continental Pipe Line Company, supra, and believe that the conclusion therein made was a practical necessity as well as correct legally. The same applies to the instant case. Though we could elaborate upon said cited opinion we would not alter the legal holding of the case, since we believe it to be correct. Since the case before us is not to be distinguished from that of the Keese case in any material particular, our holding will necessarily be to the same effect.

In the instant case, as in the Keese case, the original lease upon the whole acreage authorized severance and release or assignment of the lease portion which the leaseholder did surrender. It is not clear from the opinion in the Keese case whether the overriding royalty was mentioned in the instrument of surrender. Here the surrender instrument, after reciting facts concerning and identifying the original lease instrument and property which was its subject, continued:

"* * * and Whereas, the said lease and all rights thereunder or incident thereto are now owned by L. F. Cox, *subject, however, to an overriding royalty* amounting to one-sixteenth of seventh-eighths ($\frac{1}{16}$ of $\frac{7}{8}$) of the gross production thereon, *reserved and owned by Fain and McGaha,* as fully set out in an assignment dated August 30, 1952, and recorded in the Deed Records of Archer County, Texas, in Vol. 237, Page 206 thereof.

"Now, Therefore, for and in consideration of One Dollar and other considerations here—and after set out, the undersigned, L. F. Cox, present owner of said lease and all rights incident thereto *except for the overriding royalty above set out* does hereby release quit claim said oil and gas lease insofar as it covers all of the North 60

acres of said above described property and especially does not release said lease insofar as it covers the remainder said land being the South 50.58 acres thereof. Part of the consideration for this release is that the said John R. Decker and wife Laura May Decker release any claims of any kind or character they may have against L. F. Cox for failure to drill a well upon a portion of the lease released by this instrument." (Emphasis supplied.)

In both this and the Keese case the only interest held in the lease by the overriding royalty owners was the overriding royalty itself, and no interest whatever was held in the working interest (lease considered as a license to enter, explore, produce, etc.).

It is the contention of the appellants that even should we agree with the holding of the Keese case, nevertheless, since the language of the release by Cox, as a grantor, includes the expression that his ownership of and rights in and to the lease are "subject to" and "except for" the overriding royalty interest of appellants, the instruments should be treated and considered as a deed in which like expressions were incorporated with reference to any outstanding deed or mineral lease or deed of trust. In other words the appellants say that the mineral fee owners could not receive all the advantages of the release and at the same time reject the disadvantages, and therefore should be held to have succeeded to all the obligations to appellants (as overriding royalty owners) theretofore owed by Cox. Likewise, it is contended any new leaseholder receiving an oil and gas lease from the mineral fee owners would take such lease burdened by the same obligation.

When we refer to the original lease instrument itself and notice that it provides that the owner of the lease has the right at any time to release any portion or portions of the leased premises and be relieved of all obligations as to the acreage surrendered, it becomes clear that appellants' position is untenable because of the fact that the mineral fee owners would be helpless to prevent the release of the acreage by Cox. Furthermore, under the rules of contractual construction the language upon which appellants predicate their contentions would be construed as other than words of limitation upon the title which might be said to have been conveyed.

Decision of the question would not be controlled by reason thereof in any event, however, for unless the instrument creating the overriding or royalty interest as an estate in itself makes express provision to the contrary, the interest continues or ceases with the leasehold estate out of which it is carved and cannot survive termination by surrender or release of the leasehold estate by the owners. This was a part of the holding in the Keese case. Here the instrument does not purport to make any provision to the contrary.

Appellees suggest in their brief that through inadvertence the trial court erroneously denied all relief to appellants, since at all times they have recognized and conceded appellants' title to the overriding royalty in the South 50.58 acres of the 110.58 acre tract named in appellants' petition (in form presenting a suit in trespass to try title). There being no apparent reason why it should not be done, and justice appearing to be served by a reformation and modification of the judgment entered below so that appellants are decreed title in and to that part of the property mentioned in their petition which is not actually in dispute and which is conceded to belong to them, it is so ordered.

As so modified the judgment is affirmed.